506 So.2d 269 (1987)
James D. KOCH
v.
STATE of Mississippi.
No. 56505.
Supreme Court of Mississippi.
April 15, 1987.
*270 Jimmy D. McGuire, Kelly C. Walker, Gulfport, for appellant.
Edwin Lloyd Pittman, Atty. Gen. by Billy L. Gore, Asst. Atty. Gen., Jackson, for appellee.
Before ROY NOBLE LEE, P.J., and DAN M. LEE and ANDERSON, JJ.
ROY NOBLE LEE, Presiding Justice, for the Court:
James D. Koch was convicted in the Circuit Court of Hancock County on a charge of murder less than capital and was sentenced to life in the custody of the Mississippi Department of Corrections. He has appealed to this Court and assigns five (5) errors in the trial below.

I.

THE LOWER COURT ERRED IN REFUSING TO GRANT APPELLANT'S REQUEST FOR A PEREMPTORY INSTRUCTION OF NOT GUILTY.
At the time of the homicide, February 9, 1983, appellant was fifty (50) years of age and resided in Bay St. Louis, Mississippi, where he was employed by the Bay St. Louis Police Department. He was also security chief at a shopping center in the community. Appellant had been married for twenty-one (21) years, but had been seeing and going with Delois Manning. He also helped her with odd jobs around the Manning house and with some of her business affairs.
At approximately 9:55 p.m. on February 9, 1983, Sheriff Ronnie Peterson of Hancock County, received a telephone call from appellant, who said that he had shot and killed a woman. The sheriff and two investigators went to the Manning home, arriving at 10:25 p.m. They found Mrs. Manning in bed, dead as a result of a gunshot wound to the left side of her head. Appellant gave two versions of what had happened, i.e., (1) that he was walking out of the bedroom area, where the victim was in bed, and heard her say, "I'm going to kill you." At that time he saw a flash out of the corner of his eye and, in one motion, he reached for his .357 Magnum revolver in a shoulder holster on his left side, pulled it out as quickly as possible, turned around and shot her. (2) A few minutes later, the appellant changed his story and said that he reached for his .357 Magnum, pulled it from the shoulder holster, aimed it at Mrs. Manning, cocked the hammer and shot. He demonstrated his position from the victim at approximately six to eight feet. Appellant said that he never saw a gun in the victim's hand, only something shiny.
The officers observed a .25-caliber automatic pistol in the victim's hand, as she lay in the bed. Koch told the officers a number of times that he could have put the gun in her hand after he shot her, but he didn't remember and he would hang his head when making the statement. Investigator Alvin Ladner testified that the appellant *271 stated, "he didn't know why he killed her because he knew that she never would have shot him." The testimony of Sheriff Peterson and Investigator Ladner was corroborated by the testimony of Investigator Delbert Seay. The appellant also told the officers that he and Mrs. Manning had been drinking beer and that they had an argument earlier in the evening.
Dr. John David Rutherford, III, an expert in the field of pathology, testified that the area around the entrance wound had a pock mark, or stippled area, corresponding to a large powder burn or "tattooing;" that there was some black particulate matter consistent with unburned powder; and, in his opinion, the deceased was shot at very close range. John Michael Allen, a forensic scientist, demonstrated how he had fired the revolver at different intervals from one (1) to twenty-four (24) inches. He stated that the gun powder pattern in the photograph of the deceased was consistent with the pattern formed when appellant's pistol was fired at a distance of less than eighteen (18) inches, but greater than one (1) inch. He identified scrapings taken from the deceased as having particles of gunpowder, and it was his opinion that the shot was fired from a distance greater than one (1) inch, but less than eighteen (18) inches.
In considering the request for a peremptory instruction of not guilty, the lower court must consider all the evidence, supporting the State's case as true, together with reasonable inferences, and, if that evidence will support a guilty verdict, then the request for a peremptory instruction must be denied. Weeks v. State, 493 So.2d 1280 (Miss. 1986); Griffin v. State, 480 So.2d 1124 (Miss. 1985); Johnson v. State, 476 So.2d 1195 (Miss. 1985); Hammond v. State, 465 So.2d 1031 (Miss. 1985); Warn v. State, 349 So.2d 1055 (Miss. 1977).
We are of the opinion that the facts create an issue for the jury to determine as to the guilt of the appellant and that the verdict is supported by the evidence.

II.

THE LOWER COURT ERRED IN ADMITTING INTO EVIDENCE AN ENLARGED FULL-COLOR PHOTOGRAPH DEPICTING A GRUESOME SCENE WHICH WAS NOT PROBATIVE OF ANY FACT IN ISSUE AND MERELY INTENDED TO INFLAME THE MINDS OF THE JURORS.
This Court will not reverse the lower court on the ground that photographs are gruesome and prejudicial, unless the lower court has abused its discretion in admitting same. Watson v. State, 483 So.2d 1326 (Miss. 1986); Cardwell v. State, 461 So.2d 754 (Miss. 1984). Further, if photographs have probative value, they are competent and should be admitted by the lower court. Kelly v. State, 463 So.2d 1070 (Miss. 1985); Stevens v. State, 458 So.2d 726 (Miss. 1984).[1]
In Stevens, a photograph was admitted for the purpose of (1) showing the manner of death, (2) corroborating the use of a firepoker as the murder weapon, and (3) for establishing the multiplicity of the blows and the extent of force and violence used. In Cardwell v. State, 461 So.2d 754, 760 (Miss. 1984), the Court said:
In Stevens v. State, 458 So.2d 726, 729 (Miss. 1984), this Court upheld, as serving legitimate evidentiary purposes, the admission of photographs of a murder victim which "established both the multiplicity of blows administered and the extent of force and violence used."
In the case sub judice, photographs were enlarged in order to show the powder burns on the body of the victim and they corroborated the testimony of the experts as to the distance the gun was from the victim when fired. They had probative value. Therefore, the assignment of error is rejected.

*272 III.

THE LOWER COURT ERRED IN GRANTING INSTRUCTION NO. S-2 WHICH WAS A PEREMPTORY INSTRUCTION FOR THE PROSECUTION.
Instruction S-2 follows:
The Court instructs the Jury that malice aforethought does not have to exist in the mind of the slayer for any given length of time; and if at the moment of the act of violence, if any, the defendant James Koch acted with the deliberate design to take the life of Delois B. Manning, and not in necessary self-defense, real or apparent, then it was as truly malice and the act was as truly murder as if the deliberate design had existed in the mind of James Koch for minutes, hours, days, weeks or even years.
Instruction S-1 states:
The Court instructs the Jury that if you believe from the evidence in this case beyond a reasonable doubt that the defendant, James Koch, in Hancock County, Mississippi, on the time and date charged and testified about, did then and there wilfully, unlawfully, feloniously and of his malice aforethought kill and murder a human being, to-wit: Delois B. Manning, not in necessary self-defense, then if you so believe from the evidence in this case beyond a reasonable doubt, you shall find the defendant guilty and it is your sworn duty to say so by your verdict.
If the State has failed to prove any one or more of the above elements beyond a reasonable doubt then it is your sworn duty to find the defendant not guilty.
The appellant's defense to the charge was self-defense, and he argues that the Instruction S-2 amounts to a peremptory instruction against him. We do not agree. When Instruction S-1 and S-2 are read together, they properly submit to the jury the State's theory of the case. The Instruction S-2 informs the jury that a finding of necessary self-defense, real or apparent, will negate the element of malice aforethought. It is not in conflict with the self-defense instructions. Practically the same instruction was approved by the Court in Pittman v. State, 297 So.2d 888 (Miss. 1974), and a similar instruction was approved in Stevens v. State, 458 So.2d 726 (Miss. 1984).
The appellant further argues that Instruction S-2 and a manslaughter instruction, S-4, were confusing to the jury. Appellant did not request a manslaughter instruction, but, from an abundance of caution, the lower court granted the following instruction:
The Court instructs the Jury that manslaughter is the killing of a human being without malice and in the heat of passion without authority of law and not in necessary self-defense; and if the Jury believes from the evidence in this case beyond a reasonable doubt that the defendant James Koch so killed Delois B. Manning then you will find the defendant guilty of manslaughter.
After deliberating for some time, the Jury sent a message of inquiry to the trial judge, which message and response follow:
Judge Ruble:
Could you please define th [sic] the sentence malice in the heat of passion, we need to know the difference between passion and murder.
 Thank you
 Elizabeth Tague
* * * * * *
PASSION:
In definition of manslaughter as homicide committed without premeditation, but under the influence of sudden "passion"., [sic] this term means any intense and vehement emotional excitement of the kind prompting to violent and aggressive action.
Murder requires malice. Malice is synonymous with premeditation.
I trust this answers your question. Please use this along with Instruction S-4 and any other instructions that you think applicable and I do feel that this will resolve your problem.
The lower court's response to the message correctly explained the terms inquired *273 about by the jury. There was no objection to the court's response. As stated, there was no evidence that the appellant shot the victim as a result of heat of passion against her, but his defense is based solely upon self-defense. The assignment is rejected.

IV.-V.

THE DEFENDANT SHOULD BE GRANTED A NEW TRIAL BASED UPON THE BAILIFF'S IMPROPER COMMENTS MADE TO THE JURY DURING ITS DELIBERATION.

THE COURT ERRED IN ADMITTING REBUTTAL TESTIMONY.

WHICH WAS IMPROPER AS REBUTTAL EVIDENCE.
Under these assignments, the appellant contends (1) that the last day of trial during jury deliberations a statement was made by the bailiff to a juror, which was improper, and which should entitle him to a new trial. Seven (7) days later a motion for new trial was filed setting forth the incident as one reason for the granting of a new trial. The only evidence on the point was the testimony of the bailiff. A juror, returning from the men's restroom, turned to the bailiff and jokingly said, "Are you going to feed me?" The bailiff responded jokingly, "Hell, no, I'm not going to feed you all." That part of the motion referring to the incident, was based on newly-discovered evidence. The motion was not supported by an affidavit and did not come within the requirement of Shelby v. State, 402 So.2d 338 (Miss. 1981). Bickcom v. State, 286 So.2d 823 (Miss. 1973); Edmond v. State, 312 So.2d 702 (Miss. 1975).
There was no indication in the motion, or record, of any attempt to unduly influence or prejudice the jury, and the question and answer by the bailiff to the juror did not relate to any issue in the trial of the case. We are of the opinion that there is no merit to Assignment IV. Bickcom v. State, supra; Johnson v. State, 106 Miss. 94, 63 So. 338 (1913).
The appellant contends (2) that the lower court erred in admitting rebuttal testimony, which was improper as rebuttal evidence. The rebuttal testimony complained of by appellant was that of two witnesses who testified about a prior threat made by appellant against the victim. The rebuttal was in response to the testimony of appellant, when, on cross-examination, he denied ever having made a threat against the victim. This Court has established the rule that threats made by an accused, even though uncommunicated to the victim, are admissible in evidence to show malice, premeditation, or criminal intent. Steed v. State, 396 So.2d 625, 627 (Miss. 1981); Fuller v. State, 468 So.2d 68, 72 (Miss. 1985); Grooms v. State, 357 So.2d 292, 295 (Miss. 1978) [quoted in Hammond v. State, 465 So.2d 1031, 1033 (Miss. 1985)].
The appellant also claims that the threats testified to by the State's rebuttal witnesses were remote and had no evidentiary value. The threat was two to four months old. Whether or not a threat is too remote to be admissible is within the sound discretion of the trial judge. Steed v. State, supra; Grooms v. State, supra. We are of the opinion that the threat was admissible and we reject Assignment V.
The judgment of the lower court is affirmed.
AFFIRMED.
WALKER, C.J., HAWKINS, P.J., and DAN M. LEE, PRATHER, ROBERTSON, SULLIVAN and ANDERSON, JJ., concur.
GRIFFIN, J., not participating.
NOTES
[1] Effective January 1, 1986, Miss. Rules of Evidence 403 requires the court to determine whether probative value outweighs unfair prejudice.