533 So.2d 437 (1988)
Anthony L. ESTES & Marcus D. Cole
v.
STATE of Mississippi.
No. 58038.
Supreme Court of Mississippi.
October 26, 1988.
Rehearing Denied November 30, 1988.
*438 Michael H. Steele, Frank H. Shaw, Jr., Edward C. Fenwick, Jackson & Fenwick, Kosciusko, for appellant.
Before ROY NOBLE LEE, C.J., and SULLIVAN and ZUCCARO, JJ.
SULLIVAN, Justice, for the Court:
On the night of July 18, 1986, the home of Milton Hull was broken into while he was present. Mr. Hull's head was covered with a pillowcase and while one of the men held Mr. Hull in a headlock and threatened him with a gun, the other robber went through the house looking for things to steal. The two men eventually took some money, some knives, and a gun. At approximately 12:12 a.m., July 19, 1986, Hull reported the robbery to the Kosciusko Police Department.
Hull told the police that he did not see the two robbers but he recognized the voice of one of the men and that man was Tony Estes. The only information Hull could provide on the other robber was that the man was wearing white shoes with bows.
Just over an hour after taking Hull's statement the officers saw Marcus Cole standing on a porch with four other men, and Marcus Cole was wearing white shoes. As the police approached, Cole stepped back into the house, made a throwing motion and came back outside. The officers questioned Cole and got permission to search the house and in the house they found a pistol matching the description of the one stolen from Hull. At that point Cole was arrested. When Cole arrived at police headquarters and was searched, the *439 police discovered two pocket knives. Later in the morning Hull was summoned to the police department to identify his pistol, the shoes and the pocket knives removed from Cole. After the pistol, shoes and the knives were identified, Hull was taken where he could hear Cole's voice and Hull identified Cole as the other assailant.
Estes was already wanted for a jail break at the time Hull identified him as one of the robbers. Estes was spotted by police at approximately 6:15 a.m., on July 19, 1986. After a short pursuit Estes was apprehended and placed under arrest.
Cole and Estes were tried together in the Circuit Court of Attala County, Mississippi, and both were found guilty of burglary of an occupied dwelling at night while armed and sentenced to twelve years each in the custody of the Mississippi Department of Corrections.

I.

WAS IT ERROR IN FAILING TO SEVER THE TWO CHARGES AGAINST THE DEFENDANTS?
Both defendants raise this assignment. Section 99-7-2, Miss. Code Ann. (1972), as Amended, specifically authorizes multi-count indictments as well as trials on multi-count indictments. The code section states that multi-count indictments and a single trial on all counts are allowed when, "... the offenses are based on two (2) or more acts or transactions connected together or constituting parts of a common scheme or plan." The cases cited by the defendants all pre-date the passage of the statute. We are of the opinion that there is no merit to this assignment of error.

II.

WAS IT ERROR NOT TO DECLARE A MISTRIAL WHEN THE WITNESS HULL VIOLATED THE COURT'S ORDER IN LIMINE?
The trial court had granted a Motion in Limine that there would be no mention of other crimes as they related to Estes. Hull, the victim, was being cross-examined by Estes' attorney and in response to a question Hull began to ramble and at the end of his rambling answer said, "Tony, how in the world are you going to pay me and you on the dodge now." Estes' attorney objected, not on the grounds of the other crimes reference, but on the grounds of irrelevant rambling. The trial judge sustained the objection and struck the record all the way back to the "No" answer. The court also told the jury to disregard everything that was said after the word "no."
It is well settled that when the trial judge sustains an objection to testimony and he directs the jury to disregard it, prejudicial error does not result. Wetz v. State, 503 So.2d 803, 810 (Miss. 1987); May v. State, 460 So.2d 778, 783 (Miss. 1984); Shelby v. State, 402 So.2d 338, 340 (Miss. 1981).
The second time "on the dodge" was heard by the jury was on the re-direct of Hull. At this point Estes' attorney again objected and the court sustained the objection. It is presumed that when a trial judge sustains an objection the jury understands that the trial court disapproves of the testimony. Davis v. State, 472 So.2d 428, 433 (Miss. 1985).
There is no merit to this assignment by Estes.

III.

WAS IT ERROR TO ALLOW THE VOICE RECOGNITION TESTIMONY OF HULL LINKING ESTES TO THE CRIME WHEN IT WAS ADMITTED THAT HULL HAD A HEARING PROBLEM?
Hull was 79 years old at the time of the trial and had a hearing problem. The record shows that Hull stated that the burglars' voices were loud enough for him to recognize the voices. He does not claim that he heard what was being said, merely the voices. He further testified that he recognized that one of the voices was that of Estes, and that he had known Estes long enough and well enough to recognize his *440 voice. The jury also heard that Hull had hearing problems.
We have stated before that voice recognition of the accused is a question for the jury and the jury heard all of the testimony and concluded that Hull was telling the truth. Warren v. State, 456 So.2d 735, 738 (Miss. 1984). There is no merit to this assignment by Estes.

IV.

DID THE COURT ERR IN REFUSING TO GRANT ESTES A SEVERANCE?
This is a re-argument of the joint argument made by both Cole and Estes. Estes does not argue the issue nor does he cite any authority.
In this posture we will not consider this error. Edlin v. State, 523 So.2d 42, 49 (Miss. 1988); Lambert v. State, 518 So.2d 621, 625 (Miss. 1987).
We point out, however, that a motion for severance will only be disturbed upon, "... a positive showing of an abuse of discretion." Minor v. State, 482 So.2d 1107, 1109 (Miss. 1986). Estes has made no showing of an abuse of discretion. There is no merit to this assignment by Estes.

V.

WAS IT ERROR TO DENY A MISTRIAL WHEN IT WAS DISCOVERED THAT A POLICE OFFICER TALKED WITH THE JURY?
Again Estes fails to cite any authority for his argument that two of the jury members talked with the sheriff, thereby prejudicing the jury. Estes devotes five lines to this argument in his brief and no substance. In Koch v. State, 506 So.2d 269 (Miss. 1987), we held that,
[t]here was no indication in the motion, or record, of any attempt to unduly influence or prejudice the jury, and the question and answer ... to the juror did not relate to any issue in the trial of the case. We are of the opinion that there is no merit to this assignment.
Koch, 506 So.2d at 273.
The record reflects that Officer Moore, a radio dispatcher with the police department, walked into the courtroom after the noon recess and his wife's niece who was serving on the jury spoke to him. He answered and they spoke briefly about family matters. Another juror said words to the effect that she would be glad when the court reconvened. The case was not discussed. The trial court correctly found that a mistrial should not be granted on these facts.

VI.

DID THE COURT ERR IN ALLOWING INTO EVIDENCE THE STATEMENT OF ESTES MADE AT THE TIME OF HIS ARREST?
The statement objected to by Estes was that when he was arrested he said, "Oh, s____." In support of his argument he cites the case of Thomas v. State, 474 So.2d 604 (Miss. 1985), which deals with multi-count indictments prior to the passage of § 99-7-2 (1972), as Amended, and has nothing whatsoever to do with this assignment of error.
On appeal Estes now argues that the statement should not have been admitted into evidence because it was not provided during discovery. It is true that the oral statement of the defendant was discoverable but the failure to grant discovery is sufficiently innocuous not to rise to reversible error proportions. See Moore v. State, 508 So.2d 666, 668 (Miss. 1987). Furthermore, there is no evidence that the trial judge abused his discretion in overruling the objection. Jenkins v. State, 507 So.2d 89, 93 (Miss. 1987). There is no merit to this assignment of error by Estes.

VII.

WAS THERE A DISCOVERY VIOLATION AS TO ESTES?
It appears that the police had several tapes that were reviewed by the trial court in camera. The trial judge determined that there was nothing exculpatory kept from the defense. The tapes dealt with interviews *441 of witnesses who had been on the porch and heard Estes talking about the robbery. These witnesses were not presented at trial. We have reviewed the statements that were sent to this Court under sealed record and we find that the trial judge correctly determined that there was nothing exculpatory in the statements and no violation of the discovery rule.
There is no merit to this assignment of error by Estes.

VIII.

DOES ESTES HAVE STANDING TO COMPLAIN ABOUT THE SEARCH OF COLE?
Estes argues that the arrest of Cole was illegal and as the arrest was illegal, the search was illegal, and therefore the evidence could not be used against Estes. Regardless of legality of the search of Cole the evidence may be used against Estes.
A person who is aggrieved by an illegal search and seizure only through the introduction of damaging evidence secured by a search of a third person's premises or property has not had any of his Fourth Amendment rights infringed.
Ware v. State, 410 So.2d 1330, 1331 (Miss. 1982), quoting from Rakas v. Illinois, 439 U.S. 128, 99 S.Ct. 421, 58 L.Ed.2d 387 (1978).
There is no merit to this assignment of error by Estes.

IX.

WAS THE ARREST OF COLE ILLEGAL?
Cole claims that he was illegally arrested and that any evidence taken from him is inadmissible against him at trial.
Cole was put in the police car while the officers were talking to him and he claims that was an effective arrest since the police door cannot be opened from the inside. He cites the case of Reed v. State, 199 So.2d 803, 808 (Miss. 1967), which says that, "[i]t is not necessary for formal or particular words to be used when the fact of arrest may be shown by surrounding circumstances." When we look at the surrounding circumstances we determine that Cole was not under arrest when he was placed in the police car. While being questioned the officer asked Cole to get into the car, he was not ordered to do so and he voluntarily complied. Also we have stated many times that, "given reasonable circumstances an officer may stop and detain a person to resolve an ambiguous situation without having sufficient knowledge to justify an arrest." Griffin v. State, 339 So.2d 550, 553 (Miss. 1976). After the police obtained permission to search his house and found the pistol, they properly placed Cole under arrest.
Assuming arguendo that Cole was arrested when being placed in the car the arrest was based on probable cause and was therefore proper under § 99-3-7, Mississippi Code Annotated (1972), as Amended which states, "... [a]n officer may arrest any person without warrant ... when a felony has been committed, and he has reasonable ground to suspect and believe the person proposed to be arrested to have committed it; ..." When they approached the house where Cole was spotted the police knew the following facts:
(1) They had encountered Cole only an hour after the robbery was reported;
(2) Cole was in the vicinity of the robbery;
(3) The victim had said that the robber with Estes wore white shoes with "bows" on them and Cole was wearing white shoes with "tassels";
(4) When Cole saw the officers he made a suspicious movement back into the house as if he were throwing something;
(5) The victim, Mr. Hull, identified Estes as one of the robbers and the officers knew that Cole and Estes were friends;
(6) Cole had turned up the previous night in a house where Estes, an escapee, had been seen;
(7) Also, Cole told the police he had been at that house for three hours contradicting the statements of other people at the house *442 who had said he had only been there for thirty minutes.
These facts are sufficient to create probable cause to meet the test as prescribed by Mississippi case law. Murphy v. State, 426 So.2d 786, 789 (Miss. 1983).
The evidence was admissible. There is no merit to this assignment by Cole.

X.

WAS IT ERROR NOT TO SUPPRESS HULL'S IN-COURT IDENTIFICATION OF COLE?
Here Cole claims that Hull's in-court identification of him was based, not on observations of Cole made during the crime, but on an impermissibly suggestive pre-indictment identification procedure, and should not have been allowed in court.
In this assignment Cole is correct. It must be remembered that Hull never saw Cole during the commission of the crime. The first time he saw Cole was when Cole was brought to court for a preliminary hearing. Hull testified that one of the robbers held a gun to his neck during the incident and spoke to Hull for several minutes while the other assailant ransacked the house.
The problem is not whether Hull pointed at Cole or had sufficient time to hear his voice, but how Hull came to associate the assailant's voice with that of Cole. Hull testified that he was called to the police station only a few hours after he was robbed. At the station Hull was shown some items that he identified as his and was told by the police that they had a man in custody. The police then took Hull to a room and told him that the man inside was the suspect arrested and asked Hull to see if he recognized the voice. The police even cracked the door a little to let Hull hear Cole better. Hull testified that he heard a police officer asking questions and then a man responded. Hull then identified the suspect as the other robber. Hull was never asked to listen to any other voices and had already been told that items identified as his had been taken from Cole.
York v. State, 413 So.2d 1372 (Miss. 1982), is controlling on the issue of in-court identification. Under York even if a pretrial identification is impermissibly suggestive, the in-court identification by an eyewitness may still be used unless, "(1) from the totality of the circumstances surrounding it; (2) the identification was so impermissibly suggestive as to give rise to a very substantial likelihood of irreparable misidentification." York, 413 So.2d at 1383. The pretrial identification was impermissibly suggestive. Hull only heard one voice and he heard that after he was shown his stolen items and told the man whose voice he was hearing had those items on him. The confrontation conducted was so unnecessarily suggestive and conducive to irreparable mistaken identification that Cole was denied due process of law. Neil v. Biggers, 409 U.S. 188, 199, 93 S.Ct. 375, 382, 34 L.Ed.2d 401, 411 (1972).
As to Marcus D. Cole because of the impermissibly suggestive pre-trial identification, his conviction and sentence must be reversed and remanded for a new trial.
The conviction and sentence of Anthony L. Estes is affirmed.
CONVICTION OF BURGLARY AND SENTENCE OF TWELVE YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS AS TO ANTHONY L. ESTES IS HEREBY AFFIRMED. CONVICTION OF BURGLARY AND SENTENCE OF TWELVE YEARS IN THE MISSISSIPPI DEPARTMENT OF CORRECTIONS AS TO MARCUS D. COLE IS HEREBY REVERSED. THIS CAUSE AS TO COLE IS REMANDED TO THE CIRCUIT COURT OF ATTALA COUNTY, MISSISSIPPI, FOR A NEW TRIAL.
ROY NOBLE LEE, C.J., HAWKINS and DAN M. LEE, P.JJ., and PRATHER, ROBERTSON, ANDERSON, GRIFFIN and ZUCCARO, JJ., concur.