IN THE COURT OF APPEALS

7/29/97

OF THE

STATE OF MISSISSIPPI

NO. 94-KA-00744

NOBLE RAY BELL a/k/a NOBEL RAY BELL APPELLANT

v.

STATE OF MISSISSIPPI APPELLEE

THIS OPINION IS NOT DESIGNATED FOR PUBLICATION AND

MAY NOT BE CITED, PURSUANT TO M.R.A.P. 35-B

TRIAL JUDGE: HON. JAMES E. GRAVES, JR.

COURT FROM WHICH APPEALED: HINDS COUNTY CIRCUIT COURT

ATTORNEY FOR APPELLANT: ROBERT M. RYAN

ATTORNEY FOR APPELLEE: OFFICE OF THE ATTORNEY GENERAL

BY: DEIRDRE MCCRORY

DISTRICT ATTORNEY: EDWARD J. PETERS

NATURE OF THE CASE: CRIMINAL: BURGLARY OF A VEHICLE

TRIAL COURT DISPOSITION: SENTENCED TO SERVE A TERM OF 7 YRS IN THE MDOC; SENTENCED AS HABITUAL OFFENDER

MOTION FOR REHEARING FILED:8/6/97

CERTIORARI FILED: 10/10/97

MANDATE ISSUED: 12/11/97

BEFORE McMILLIN, P.J., HERRING, AND KING, JJ.

KING, J., FOR THE COURT:

Noble Ray Bell was convicted of burglary of a vehicle and sentenced as an habitual offender in the Circuit Court of Hinds County. Aggrieved by his conviction and sentence, Bell appeals to this Court asserting the following points of error: (1) the trial court erred in denying a motion in limine to prohibit the in-court identification of Bell, (2) the trial court erred in allowing evidence of other crimes committed by Bell and in failing to give a cautionary or limiting instruction to the jury, and (3) the trial court erred in failing to properly sentence Bell on the record pursuant to UCRCCP 6.01 and 6.04. We affirm Bell's conviction but remand in part to allow the trial court to conduct a sentencing hearing pursuant to UCRCCP 6.04.

FACTS

On June 8, 1993, Linda Clopton drove to the Conoco gas station on Ellis Avenue for gas. When she got out of her Toyota Forerunner, a man parked on the opposite side of the pump asked her how to operate the pump. Clopton told him that he needed to go inside of the station and pay first. She then left the man outside and went inside the station to pay for her own gas. When Clopton returned to her vehicle, the same man was peering over into it. He asked her again how to operate the pump. Again, she told him to go inside and pay first.

Clopton attempted to open her gas tank but realized that she had not unlocked it from the inside of the truck. After unlocking the tank, Clopton begin pumping the gas. At that time she felt the truck shake. As she stepped around the truck, she saw the same man running away with her purse. Just as she gave chase, the station attendant ran outside and hollered, "Hey, he's got your purse."

As both Clopton and the station attendant pursued the man, he drove off in a 1988 or 1989 blue Cadillac. However, the station attendant was able to pull away a towel covering the license plate. Clopton copied the license number, and they called the police.

The police tracked the license plate number and found that the car was registered to a Lillie B. Wallace of Raymond and that Noble Ray Bell resided with Ms. Wallace. The police contacted Clopton and asked if she could identify the man who took her purse. Clopton said that she could.

Detective R. D. Davis of the Jackson Police Department gave Clopton six photographs and asked her to identify the person that took her purse from the car. Clopton immediately identified Bell as the perpetrator. Bell was arrested for the burglary of a vehicle and indicted as a habitual offender.

Bell was convicted by a jury and as a habitual offender sentenced to serve the maximum seven years in the custody of the Mississippi Department of Corrections.

## I.

## THE TRIAL COURT ERRED IN DENYING BELL'S MOTION IN LIMINE TO PROHIBIT ANY IN-COURT IDENTIFICATION.

During the trial, the defense moved the court to prohibit the State from making an in-court identification of Bell. The defense contended that an in-court identification would serve to only bolster the testimony of Detective Davis and Clopton. The defense further contended that Bell's presence at the defense table would make any identification suspect and obvious since he would be the lone black male seated at counsel's table. The trial judge took the defense's motion under consideration and offered to allow Bell to sit in the gallery. The defense declined the judge's offer stating that unless other black males were brought into the court room this remedy would be insufficient. Refusing to stage such an identification, the trial judge denied the motion. We affirm the trial court's decision.

Clopton was unequivocal in her identification of Bell as the perpetrator. As a result of having conversed with Bell at the gas pump and having stood only two or three feet away from him, Clopton positively identified Bell when presented with a photographic spread which included Bell. There was no impermissible suggestiveness during this photographic spread. Nor does the defense assert that any existed. Pursuant to the precedents established in *Mackbee v. State*, 575 So. 2d 16, 37 (Miss. 1990); *White v. State*, 532 So. 2d 1207, 1213-114 (Miss. 1988); Estes v. State, 533 So. 2d 437, 442 (Miss. 1988), we find no merit to this assignment of error.

## II.

## THE TRIAL COURT ERRED IN ALLOWING EVIDENCE OF OTHER CRIMES COMMITTED BY BELL WITHOUT FIRST CONDUCTING A RULE 403 AND 404(B) ANALYSIS AND BY FAILING TO GIVE A CAUTIONARY/LIMITING INSTRUCTION TO THE JURY.

The grand jury indicted Bell for the felony offense of burglary of a vehicle. Bell contends that the trial court should not have allowed the State to use evidence of his having taken Clopton's purse, a larceny, to prove intent to commit the crime of burglary. According to Bell, this was akin to placing the cart before the horse, and the court should have issued cautionary instructions to the jury. We disagree.

It is elementary that evidence of a crime other than that charged in the indictment is not admissible evidence against the accused. *Mackbee,* 575 So. 2d at 23-29. However, in the case *sub judice* Bell's

criminal acts were part and parcel of each other. In our state, the law dictates that when acts are " so interrelated [to the charged crime] as to constitute a single transaction or occurrence or a closely related series of transactions or occurrences," proof of the other crime or act is admissible. *Wheeler v. State*, 536 So. 2d 1347, 1352 (Miss. 1988), citing *Neal v. State,* 451 So. 2d 743, 759 (Miss. 1984). Therefore, the trial court did not err in allowing the State to bring forth evidence of Bell's intent to commit burglary by showing that he committed larceny once he broke and entered into Clopton's truck. Consequentially, the jury did not require cautionary or limiting instructions. This assignment of error is without merit.

III.

THE TRIAL COURT ERRED IN FAILING TO PROPERLY SENTENCE BELL ON THE RECORD AS AN HABITUAL OFFENDER IN ACCORDANCE WITH UCRCCP 6.01 AND 6.04.

Pursuant to § 99-19-81 of the Mississippi Code, the grand jury indicted Bell as an habitual offender. After a jury trial, he was convicted and sentenced as an habitual offender to the maximum term of seven years. Bell now contends that the trial court failed to sentence him on the record as an habitual offender in accordance with UCRCCP 6.01 and 6.04.[1] Our review of the record indicates that Bell correctly asserts this as error.

Most relevant to the case at hand is UCRCCP 6.04, which states in pertinent part:

In cases involving enhanced punishment for subsequent offenses under state statutes, including but not limited to, the Habitual Criminal Statute, Miss. Code Ann. Sections 99-19-81 and 99-19-93 . . . :

(3) If the defendant is convicted or enters a plea of guilty on the principal charge, a hearing before the court without a jury will then be conducted on the previous convictions.

The record discloses that on the day following Bell's conviction of burglary of a vehicle the trial court accepted a guilty plea from Bell on an indictment for robbery. Bell plead guilty to the lesser included offense of strong-arm robbery and was sentenced as a non-habitual offender to fifteen years, with ten years suspended and five years to serve. This sentence was to run consecutively with the sentence imposed for the burglary conviction.

While the court held a hearing on the record to accept the guilty plea, it did not conduct a hearing on Bell's previous convictions for burglary of a house and burglary of an occupied dwelling. Under § 99-19-81, it was within the State's discretion to seek enhanced punishment of the maximum prison term because of Bell's two prior felony convictions. We remand this case for the sole purpose of allowing the court to conduct a hearing pursuant to UCRCCP 6.04. *Seely v. State*, 451 So. 2d 213, 214-15 (Miss. 1984) (circuit judge will act as a fact finder in a bifurcated trial to determine whether the habitual offender part of indictment is established by the requisite degree of proof. A complete record of the second part of the trial must be had.); *see also Wilson v. State*, 395 So. 2d 957, 960 (Miss. 1981).

**THE JUDGEMENT OF THE CIRCUIT COURT OF HINDS COUNTY OF CONVICTION OF**

**BURGLARY OF A VEHICLE IS AFFIRMED IN PART AND REMANDED IN PART. ON REMAND THE COURT SHALL CONDUCT A SENTENCING HEARING ON THE RECORD ACCORDING TO UCRCCP 6.04 IN ORDER TO SENTENCE THE DEFENDANT AS AN HABITUAL OFFENDER. COSTS ARE ASSESSED TO HINDS COUNTY.**

**BRIDGES, C.J., McMILLIN AND THOMAS, P.JJ., COLEMAN, DIAZ, HERRING, HINKEBEIN, PAYNE, AND SOUTHWICK, JJ., CONCUR.**

1. The UCRCCP were superseded by the Uniform Rules of Circuit and County Court Practice, effective May 1995. UCRCCP 6.04 was replaced by URCCC 11.03(3).