# IN THE COURT OF APPEALS 2/25/97

# OF THE

# STATE OF MISSISSIPPI

## NO. 94-KA-01029 COA

VERNON HOLDER, III

APPELLANT

v.

STATE OF MISSISSIPPI

APPELLEE

THIS OPINION IS NOT DESIGNATED FOR PUBLICATION AND

MAY NOT BE CITED, PURSUANT TO M.R.A.P. 35-B

TRIAL JUDGE: HON. MICHAEL RAY EUBANKS

COURT FROM WHICH APPEALED: LAMAR COUNTY CIRCUIT COURT

ATTORNEY FOR APPELLANT:

DEBORAH HONES GAMBRELL

ATTORNEY FOR APPELLEE:

OFFICE OF THE ATTORNEY GENERAL

BY: JEFFREY A. KLINGFUSS

DISTRICT ATTORNEY: DOUGLASS, RICHARD,

NATURE OF THE CASE: FELONY: AGGRAVATED ASSAULT

TRIAL COURT DISPOSITION: AGGRAVATED ASSAULT: SENTENCED AS HABITUAL OFFENDER TO 20 YRS IN MDOC; SENTENCE SHALL NOT BE REDUCED OR SUSPENDED, NOR SHALL DEFENDANT BE ELIGIBLE FOR PAROLE OR PROBATION; DEFENDANT TO BE TREATED FOR ANY PSYCHOLOGICAL OR CHEMICAL

DEPENDENCY PROBLEMS.


BEFORE BRIDGES, C.J., KING, AND PAYNE, JJ.

KING, J., FOR THE COURT:

Holder was convicted of aggravated assault and sentenced as a habitual offender to serve twenty years in the custody of the Mississippi Department of Corrections. Aggrieved, Holder appeals and assigns for review the following issues:

I. Whether the trial court erred by failing to exclude the testimony of a witness because the witness was coerced into testifying;

II. Whether the court erred when it failed to grant Holder's motion for directed verdict because the prosecution failed to prove each and every element of the aggravated assault offense;

III. Whether the court erred when it denied Holder's request to submit to the jury an instruction

on the lesser included offense--simple assault.

We find no error and affirm the conviction and sentence.

## FACTS

On or about January 1, 1994, Holder went to visit the home of his uncle, James Holder. James was not present, but Holder's uncle, Walter Holder and James's girlfriend, Rhonda McLemore were present along with McLemore's minor children. When Holder arrived, one of the minor children was attempting to shoot pool on a miniature pool table in the living room; however, the child's younger sibling frustrated his efforts by reaching for the pool stick. A tug-of-war over the pool stick arose between the children, and Holder intervened. Holder spoke harshly to the older child, took the pool stick, and gave it to the younger child.

McLemore, who was in the kitchen, heard Holder's harsh words and entered the living room. When McLemore entered the living room, Holder was shooting pool on the table. McLemore and Holder quarreled over the harsh words spoken to her child, and the dispute evolved into a physical battle.

Evidence regarding who was the first aggressor conflicts. Holder testified that McLemore entered the living room, grabbed the pool stick from him, and hit him. McLemore testified that she entered the living room and asked Holder to leave, whereupon Holder hit her with the pool stick on her shoulder. Walter Holder could not corroborate either Holder or McLemore's testimony because he was in the kitchen when the quarrel commenced and did not see the initial blow.

Both Holder and McLemore testified that McLemore threw an ashtray at Holder and retrieved a knife from the kitchen during the dispute, but Walter intervened, and either Holder or Walter removed the knife from McLemore's possession. Thereafter, McLemore retreated into the bedroom and locked the door, but Holder kicked the door to the bedroom in and followed McLemore into the bedroom, where the quarrel continued. McLemore fled from the bedroom into the yard, and Holder

followed. The dispute continued, and during the course of the dispute, Holder pushed McLemore into a fence. McLemore suffered a dislocated shoulder and sustained several bruises during the altercation.

**ANALYSIS OF THE ISSUES AND DISCUSSION OF LAW**

I.

> DID THE TRIAL COURT ERR IN ADMITTING THE TESTIMONY OF MCLEMORE?

After McLemore had taken the stand, the district attorney asked McLemore for a narration of the events which occurred during Holder's visit. McLemore responded by stating that she could not and left the witness stand. Thereafter, the district attorney requested a brief recess, which was granted by the court. After the recess, McLemore returned to the witness stand, and defense counsel objected and moved for a mistrial on the basis that McLemore could have been coerced or threatened into testifying. In response to defense counsel's objection and his motion, the state assured the court that it merely asked McLemore to proceed with her testimony and advised her that she did not have to fear the defendant. Defense counsel's objection was overruled and motion for mistrial was then denied.

Holder argues that McLemore's testimony was coerced, and its admission into evidence deprived him of due process. In support of this position, Holder cites the supreme court's opinion in *Harris v. Canton Separate Public School Board,* Nos. 90-CC-01288-SCT, 90-CC-01294-SCT (Miss. Apr. 21, 1994). Holder cites this case as holding that "an abuse of process such as coercion of a witness might constitute a due process violation." However, on petition for rehearing, the opinion was withdrawn and substituted.

In *Harris,* a middle school principal was terminated for assaulting and threatening a teacher. Prior to the principal's termination, a hearing was held at which the teacher was reluctant to testify. The board's attorney advised the teacher:

> I want to make sure that you understand that your failure to cooperate with the Board in finding out what happened could lead to your being terminated as teacher in the system. That is not what the Board is interested in, that is not their choice at this point. But you still don't want to cooperate with us and tell us what happened?

Upon rehearing, the supreme court stated that it could be inferred from the teacher's reluctance to speak at the meeting and from her affidavit that she felt compelled to testify or lose her job. However, the evidence of coercion was insufficient to overcome the Board's presumption of integrity; therefore, Harris's due process rights were not violated.

Unlike the witness in *Harris,* McLemore was not threatened with the deprivation of an interest or privilege--she would be jailed if she refused to testify. McLemore's reluctance toward testifying probably arose because she felt uneasy about testifying against the nephew of her boyfriend. Therefore, we do not find that McLemore's reluctance toward testifying resulted from coercion and that Holder's due process rights were violated. This assignment of error lacks merit.

II.

DID THE TRIAL COURT ERR IN FAILING TO GRANT HOLDER'S MOTION FOR DIRECTED VERDICT BECAUSE THE PROSECUTION FAILED TO PROVE EACH AND EVERY ELEMENT OF THE AGGRAVATED ASSAULT OFFENSE?

Holder assigned as error the trial court's denial of his motion for a directed verdict; however, in the body of his brief, Holder argues that a new trial should be ordered because the state failed to disclose material evidence affecting McLemore's credibility. Because Holder failed to argue the assignment regarding the court's denial of the motion for directed verdict, we assume that Holder has abandoned the assignment. Therefore, we do not consider whether the trial court erred when it denied Holder's motion for directed verdict. *Estes v. State,* 533 So. 2d 437, 440 (Miss. 1988).

In addition, Holder did not assign as error the issue regarding the state's failure to disclose material evidence affecting McLemore's credibility. Generally, an unassigned error may not be urged as grounds for reversal. *Read v. State,* 430 So. 2d 832, 838 (Miss. 1983) (citation omitted). In spite of the fact that Holder failed to assigned this issue, Holder did not identify specifically the information the state failed to disclose. Moreover, the record is void of any evidence supporting Holder's contention that the state failed to disclose material evidence affecting McLemore's credibility. A party seeking reversal of the judgment of a trial court must present this Court with a record adequate to show that an error of reversible proportions has been committed. *Hansen v. State,* 592 So. 2d 114, 127 (Miss. 1991) (citations omitted). Holder failed to satisfy this requirement; therefore, we are unable to give credence to this assignment of error.

III.

DID THE TRIAL COURT ERR IN DENYING HOLDER'S REQUEST FOR AN INSTRUCTION ON THE LESSER INCLUDED OFFENSE SIMPLE ASSAULT?

Holder argues that the trial court erred by denying the defense the following jury instruction, which attempted to define the elements of simple assault:

The court instructs the jury that if you find the Defendant is guilty of an attempt to cause or purposely, knowingly, or recklessly cause bodily injury to Rhonda McLemore or negligently cause bodily injury to Rhonda McLemore with a deadly weapon or other means likely to produce death or serious bodily harm or an attempt by physical means to put Rhonda McLemore in fear of eminent serious bodily harm, then you shall find the Defendant guilty of the lessor included offense of simple assault.

Holder emphasizes his prior comradeship with McLemore and argues that because he did not intend to cause her serious bodily injury, the court should have granted the requested instruction. In support of this argument, Holder cites *Stubbs v. State,* 441 So. 2d 1386, 1389 (Miss. 1983) (citation omitted) . In *Stubbs,* the supreme court said that a simple assault instruction is proper when the element of intent is absent from the assault. Holder and McLemore's prior comradeship does not conclusively establish Holder's lack of intent to commit aggravated assault. Intent to cause serious bodily injury may reasonably be inferred from the fact that Holder pursued and persisted in his attacks upon McLemore even after she had retreated to the bedroom. Notwithstanding the fact that there was

sufficient evidence substantiating a finding that Holder intended to cause serious bodily injury, the court instructed the jury as follows:

> The court instructs the jury that the defendant Vernon Holder, III, has been charged with the crime of aggravated assault, and therefore, if you believe from the evidence in this case, beyond a reasonable doubt that the defendant, Vernon Holder, III, on or about the 1st day of January, 1994, in Lamar County, Mississippi, did wilfully, unlawfully, feloniously, purposely, and knowingly commit an aggravated assault upon one Rhonda McLemore, a human being by the following manner, by attempting to cause serious bodily injury to Rhonda McLemore with a deadly weapon, to wit: A pool stick and/or a broom handle, then you shall find the defendant Vernon Holder, III, guilty as charged of aggravated assault.

> If you find that the Defendant did not intend to cause serious bodily injury but did intend to cause some lesser injury to Rhonda McLemore, then you shall find the defendant guilty of the lesser included charge of simple assault.

A lesser included offense instruction was submitted to the jury when the court instructed the jury to find Holder guilty of simple assault if it determined that Holder did not intend to cause McLemore serious bodily injury. This assignment of error lacks merit.

In conclusion, we find that Holder's appeal lacks merit and therefore, affirm the conviction and sentence.

**THE JUDGMENT OF THE CIRCUIT COURT OF LAMAR COUNTY OF CONVICTION OF AGGRAVATED ASSAULT AND SENTENCE OF 20 YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS AS A HABITUAL OFFENDER IS AFFIRMED. COSTS OF THIS APPEAL ARE TAXED TO APPELLANT.**

**BRIDGES, C.J., McMILLIN AND THOMAS, P.JJ., BARBER, COLEMAN, DIAZ, PAYNE, AND SOUTHWICK, JJ., CONCUR.**

**HERRING, J., NOT PARTICIPATING.**