822 So.2d 1030 (2002)
Terrance WATERMAN a/k/a Tiger, Appellant,
v.
STATE of Mississippi, Appellee.
No. 2000-KA-01725-COA.
Court of Appeals of Mississippi.
March 19, 2002.
Rehearing Denied May 28, 2002.
*1031 David H. Strong, Jr., McComb, attorney for appellant.
Office of the Attorney General, by Jeffrey A. Klingfuss, attorney for appellee.
Before McMILLIN, C.J., BRIDGES, and IRVING, JJ.
BRIDGES, J., for the Court.
¶ 1. The Pike County grand jury indicted Terrance Waterman on February 24, *1032 2000, for distribution of cocaine and conspiracy to distribute cocaine. Following arraignment and an omnibus hearing, Waterman was tried on July 24. A jury returned a guilty verdict, and the court sentenced Waterman to thirty years for transfer of cocaine and five years for conspiracy, the sentences to run concurrently.
¶ 2. Waterman moved for a JNOV or new trial in the alternative. The court denied his motion. Waterman filed a motion for an out of time appeal, which the court granted.
STATEMENT OF ISSUES
I. DID THE COURT ERR IN DENYING A MOTION FOR A JNOV OR A NEW TRIAL?
II. DID THE COURT ERR IN DENYING A MISTRIAL AFTER SAM SMITH'S UNSOLICITED AND IMPROPER CHARACTERIZATION OF WATERMAN?

STANDARD OF REVIEW
¶ 3. The judge is given discretion to determine whether the remark was so prejudicial that a mistrial should be declared. Roundtree v. State, 568 So.2d 1173, 1177 (Miss.1990). Relevant evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice. M.R.E. 403. This Court must determine whether the trial judge employed the proper legal standard in its fact-findings governing evidence admissibility; if the trial court acted improperly, this Court applies a substantially broader standard of review. Vaughan v. State, 759 So.2d 1092, 1100(¶ 23) (Miss.1999).

FACTS
¶ 4. On July 22, 1999, Sam Smith entered an area of Summit, Mississippi called "the bottom." The police placed Smith in "the bottom" as part of a sting operation to purchase illegal narcotics. As part of the sting, Smith's car was outfitted with a video camera, and Smith was wired for sound. Smith met with Clayton Wells, who learned that Smith wanted to buy drugs, and offered to take Smith where he could buy drugs. Smith refused to leave "the bottom," and Wells offered to get him drugs from another source.
¶ 5. Smith testified that Wells entered a bar located in "the bottom" and returned in the company of the defendant, Terrance Waterman, who gave crack cocaine to Wells, who in turn sold the cocaine to Smith. While Wells and Smith both appeared in the videotape and on audiotape, neither the video nor audio surveillance provided any evidence of Waterman's presence. Smith also testified that he knew Waterman as a drug dealer; the court instructed the jury to disregard Smith's remark and denied the defense's motion for a mistrial.
¶ 6. The two police officers managing the sting testified at Waterman's trial that they had no evidence beyond Smith's testimony that Waterman was involved in the sale. Waterman denied ever being present at the sale. Wells, who pled guilty to charges of sale of cocaine and conspiracy to sell cocaine, testified that Waterman was not present, contradicting his plea to the extent that his plea inculpated Waterman in the conspiracy with Wells.
¶ 7. In rebuttal to Waterman's testimony that he had never sold drugs, the State called Smith again, who testified only that he had seen Waterman in "the bottom" prior to the sting.

ANALYSIS

I. DID THE COURT ERR IN DENYING A MOTION FOR A JNOV OR A NEW TRIAL?
*1033 ¶ 8. Waterman moved for a directed verdict or a judgment notwithstanding the verdict on the grounds that the overwhelming weight of the evidence militates against the jury verdict of guilty on both counts. When the court considers a motion for a JNOV, it views the evidence in the light most favorable to the nonmoving party. Lane v. State, 562 So.2d 1235, 1236-37 (Miss.1990). The court's determination whether to order a JNOV is discretionary, and will not be challenged unless the verdict is so contrary to the overwhelming weight of the evidence that it is an unconscionable injustice. Id.
¶ 9. In this case, the evidence against Waterman consists solely of the testimony of Sam Smith, a confidential informant for the police. Waterman took the stand, and his testimony consisted entirely of a denial of Sam Smith's testimony, and a theory of misidentification. Applying the standard for a directed verdict, the trial court found that the State had established a case strong enough to defeat Waterman's initial motion for a directed verdict.
¶ 10. Following Waterman's testimony and Smith's rebuttal, the jury rendered a verdict of guilty on both counts, and Waterman moved for a JNOV, or a new trial. Again, the state had met the burden of going forward, and the evidence, when viewed in a light most favorable to the non-moving party, was sufficient to sustain the verdict of the jury. Lane, 562 So.2d at 1236. Smith's testimony is internally consistent, that is, he is never caught in a lie, and clearly it held sufficient indicia of reliability to convince the jury, even after Waterman's denials.
¶ 11. This is important because Mississippi has a long-standing policy of trusting jury verdicts as evinced by the following cases: Jurors have a duty to weigh all relevant testimony for credibility; the court has no say on witness credibility. Groseclose v. State, 440 So.2d 297, 300 (Miss.1983). The testimony of a single uncorroborated witness suffices to sustain a conviction, even with multiple witnesses testifying to the contrary. Williams v. State, 512 So.2d 666, 670 (Miss.1987). The strength of testimony is not a function of the number of witnesses. Spiers v. State, 231 Miss. 307, 313, 94 So.2d 803, 806 (1957).
¶ 12. Taking these principles of law together with the evidence offered, this Court lacks sufficient reasons to set aside the jury verdict and substitute its own judgment.

II. DID THE COURT ERR IN DENYING A MISTRIAL AFTER SAM SMITH'S UNSOLICITED AND IMPROPER CHARACTERIZATION OF WATERMAN?
¶ 13. Smith testified in response to cross-examination, in reference to Waterman:
"Yes sir, I knew him as the street name Tiger, that the [sic] person you could buy a large quantity of drugs from."
¶ 14. Waterman promptly objected, and at the bench the judge agreed that he would order the jury to disregard Smith's statement as improper. The jury agreed by nodding that they would disregard Smith's statement as to Waterman's status as a drug dealer. The court by its actions affirmatively cured any error arising from the unfortunate testimony.
¶ 15. It is presumed that jurors follow the instructions of the court. Payne v. State, 462 So.2d 902, 904 (Miss. 1984). If the presumption were otherwise, it would mean our jury system was fatally flawed. Johnson v. State, 475 So.2d 1136, 1142 (Miss.1985). The trial judge is in the *1034 best position to determine if there has been any prejudicial effect from the objectionable remark, and has discretion to determine whether the remark was so prejudicial that a mistrial should be declared. Roundtree v. State, 568 So.2d 1173, 1177 (Miss.1990).
¶ 16. The court issued an instruction to the jury, and there is no suggestion that the jury was tainted by the mere utterance of the contested phrase, as they agreed to disregard Smith's statement. Since no error appears on the face of the record, and Waterman cannot provide any extrinsic evidence of prejudice, the court's ruling should stand.

CONCLUSION
¶ 17. Waterman alleges errors in his jury trial that at first blush indicate a miscarriage of justice. Due to the court's swift action and restraint by the State, no errors exist. Waterman's first assignment of error, that the court failed to order a new trial in the face of overwhelming evidence, does not stand up. Since he failed to impeach the State's chief witness, that witness's testimony holds up the State's burden of going forward with the evidence
¶ 18. Waterman's second assignment of error, that Smith's improper testimony prejudiced his case, is belied by the record. The jury agreed before the court on their oaths as jurors to disregard the potentially prejudicial testimony. Since Waterman offers no proof of bias or prejudice other than a properly rendered verdict of guilt, this assignment of error cannot stand up under its own weight.
¶ 19. THE JUDGMENT OF THE CIRCUIT COURT OF PIKE COUNTY OF CONVICTION OF COUNT I DISTRIBUTION OF COCAINE AND SENTENCE OF THIRTY YEARS AND COUNT II CONSPIRACY TO DISTRIBUTE COCAINE AND SENTENCE OF FIVE YEARS TO RUN CONCURRENTLY TO SENTENCE IN COUNT I, IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS, FINE OF $10,000 AND PAY $1,000 TO THE CRIME VICTIM COMPENSATION FUND IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO PIKE COUNTY.
McMILLIN, C.J., KING AND SOUTHWICK, P.JJ., THOMAS, LEE, IRVING, MYERS, CHANDLER AND BRANTLEY, JJ., CONCUR.