MYERS, P.J.,
for the Court.
¶ 1. On January 9, 2002, Judith Davis Richardson filed her medical malpractice suit, on behalf of the wrongful death heirs of Mark Shelton Richardson, deceased, against Lennis DeRouen, M.D. and Stat-care, P.L.L.C. in the Circuit Court of Pike County. On April 14, 2004, a Pike County jury returned a verdict in favor of the defendants.
¶ 2. Aggrieved by the judgement of the circuit court, Richardson now appeals, raising the following four issues:
I. WHETHER OR NOT THE VERDICT WAS AGAINST THE OVERWHELMING WEIGHT OF THE EVIDENCE.
II. WHETHER OR NOT THE COURT ERRED IN SUSTAINING THE APPELLEES’ MOTION IN LI-MINE TO EXCLUDE STATEMENTS MADE BY THE DECEASED MARK RICHARDSON TO HIS MOTHER, JUDITH RICHARDSON, AND TO HIS GIRLFRIEND, KIM RUSSELL.
III. WHETHER OR NOT THE COURT ERRED IN FAILING TO ALLOW THE APPELLANT TO CROSS-EXAMINE THE APPELLEES’ EXPERT DR. EARL FYKE, FOR THE BIAS AND CREDIBILITY REGARDING DEPOSITIONS WHICH HE USED TO FORMULATE HIS OPINIONS, NAMELY THE DEPOSITIONS OF JUDITH RICHARDSON AND KIM RUSSELL, REGARDING WHAT THE DECEASED HAD TOLD THEM.
IV. WHETHER OR NOT THE COURT ERRED IN ITS FAILURE TO GRANT RICHARDSON’S RULE 60 MOTION FOR RELIEF FROM FINAL JUDGMENT AND THE COURT’S CORRESPONDING PRIOR *1047 REFUSAL TO SUBMIT THE SPEC-KIN FORENSIC LABORATORY DATA ON THE VIDEO SPECTRAL COMPARATOR 2000 TO SHIVER FOR REVIEW.
¶ 3. Finding no reversible error, we affirm the judgment of the circuit court.
FACTS
¶ 4. Mark Richardson went to Statcare on January 17, 2000, in order to be treated for sore throat, nausea and chest pains. Dr. DeRouen told Richardson he needed to see a cardiologist after he ran an EKG on Richardson. Richardson alleges that DeRouen simply prescribed him medicine and sent him home. Richardson returned to Statcare on February 7, 2000, with similar symptoms to those on January 17, 2000. DeRouen again referred Richardson to a cardiologist and advised him to go to the emergency room for a complete work up. Richardson alleges that DeRouen simply prescribed him medication. On March 26, 2000, Richardson died from hypertensive heart disease and congestive heart failure.
¶ 5. This case went to trial on April 12, 2004, and the jury returned a verdict in favor of DeRouen and Statcare on April 14, 2004. On April 29, 2004, Richardson filed her motion for a new trial and judgment notwithstanding the verdict. On May 13, 2004, Richardson filed a motion to withdraw the original medical records of Mark Richardson for submission to a forensic laboratory for analysis concerning alteration and ink analysis. The court allowed the withdrawal and overruled the motion for new trial and JNOV. Richardson had these records analyzed by Speekin Forensic Laboratories. On June 29, 2004, the court ordered Richardson to return the original medical records and ordered the parties to agree on a forensic expert. On July 9, 2004, the court ordered the original medical records of Richardson to be sent to Ferrell Shiver to examine for alterations. On August 12, 2004, the report by Shiver was filed which stated that the records had not been altered. On August 16, 2004, Richardson filed the report of Spec-kin Forensic which stated that the records had been altered. On September 1, 2004, Richardson filed her motion to submit Speckin’s report to Shiver. The court overruled this motion. On September 27, 2004, Richardson filed her motion pursuant to Mississippi Rules of Civil Procedure 60(b)(1), (b)(3), and (b)(6), which governs mistake and newly discovered evidence. On September 30, 2004, the court overruled Richardson’s motion to submit Spec-kin’s report to Shiver and finally on October 6, 2004, the court entered an order overruling Richardson’s Mississippi Rules of Civil Procedure 60 motion.
LEGAL ANALYSIS
I. WHETHER OR NOT THE VERDICT WAS AGAINST THE OVERWHELMING WEIGHT OF THE EVIDENCE.
¶ 6. Richardson claims that the jury’s verdict should be reversed because DeRouen’s testimony was false, impeached, improbable and contrived for purposes of trial. Richardson goes further to allege that Richardson’s testimony was unimpeached and corroborated by the physical evidence. DeRouen states that there was overwhelming evidence that supported the jury’s verdict.
STANDARD OF REVIEW
¶ 7. The standard of review for deciding whether or not a jury verdict is against the overwhelming weight of the evidence is that this Court must accept the evidence which supports the verdict as the truth and will reverse only if convinced *1048 that the circuit court abused its discretion in not granting a new trial. Price v. State, 898 So.2d 641, 652(¶ 26) (Miss.2005). A new trial will not be ordered unless we are convinced that the verdict is so contrary to the overwhelming weight of the evidence, that, to allow the verdict to stand, would be to sanction an unconscionable injustice. Pearson v. State, 428 So.2d 1361, 1364 (Miss.1983).
DISCUSSION
¶ 8. This high standard is necessary because any factual disputes are properly resolved by the jury not by an appeals court. McNeal v. State, 617 So.2d 999, 1009 (Miss.1993). Richardson asserts that the jury should have believed the statements made at trial by herself and the Plaintiffs witnesses, and that the testimony of DeRouen was false and contrived. Which witnesses to believe is not for this Court to decide. This is a factual dispute as to what the jury should believe, which is decided by the jury. Id. at 1009. Mississippi has a long standing policy of trusting the jury’s verdict. Waterman v. State, 822 So.2d 1030, 1033(¶ 11) (Miss.Ct.App.2002). Jurors decide the credibility of the evidence and the witness’s testimony, the court has no say with regard to this matter. Id. There was no reason for the jury not to believe that DeRouen was telling the truth. The trial judge can only grant a motion for a new trial if the jury verdict is contrary to the overwhelming weight of the evidence or is contrary to the law; therefore, the key question here is whether the jury’s finding that DeRouen referred Richardson to a cardiologist is against the overwhelming weight of the evidence. Allstate Ins. Co. v. McGory, 697 So.2d 1171, 1174 (¶ 13-14) (Miss.1997). We hold that it is not; therefore, this issue is without merit.
II. WHETHER OR NOT THE COURT ERRED IN SUSTAINING THE APPELLEES’ MOTION IN LI-MINE TO EXCLUDE STATEMENTS MADE BY THE DECEASED MARK RICHARDSON TO HIS MOTHER, JUDITH RICHARDSON, AND TO HIS GIRLFRIEND, KIM RUSSELL.
III. WHETHER OR NOT THE COURT ERRED IN FAILING TO ALLOW THE APPELLANT TO CROSS-EXAMINE THE APPELLEES’ EXPERT DR. EARL FYKE, FOR THE BIAS AND CREDIBILITY REGARDING DEPOSITIONS WHICH HE USED TO FORMULATE HIS OPINIONS, NAMELY THE DEPOSITIONS OF JUDITH RICHARDSON AND KIM RUSSELL, REGARDING WHAT THE DECEASED HAD TOLD THEM.
¶ 9. Richardson asserts that the trial court erred in not allowing hearsay statements made by Mark Richardson, the deceased, to his mother, into evidence. Richardson again holds it in error that the trial court did not allow Richardson’s counsel at trial to cross-examine DeRouen’s expert regarding Mark Richardson’s statements. DeRouen argues that the trial court did not err in excluding hearsay statements made by Mark Richardson to his mother because these out of court statements did not have the requisite reliability to be admitted under any exception to the hearsay rules.
STANDARD OF REVIEW
¶ 10. The standard of review regarding the admission or exclusion of evidence is abuse of discretion. Partain v. Sta—Home Health Agency of Jackson, Inc., 904 So.2d 1112, 1119 (¶ 17) (Miss.Ct.App.2004); Tatum v. Barrentine, 797 So.2d 223, 230(¶ 12) (Miss.2001) (citing Thompson Machinery Commerce Corp. v. Wallace, 687 So.2d 149, 152 (Miss.1997)). This Court will not reverse the trial court’s *1049 decision regarding the admission or exclusion of evidence unless the error adversely affects a substantial right of a party. Harrison v. McMillan, 828 So.2d 756, 765(¶ 27) (Miss.2002). The decision of the trial court must amount to abuse of discretion for us to reverse. Burge v. Spiers, 856 So.2d 577, 580(¶ 6) (Miss.Ct.App.2003).
DISCUSSION
¶ 11. Richardson tried to admit statements made by Mark Richardson to both herself and Kim Russell regarding what DeRouen instructed him to do. Richardson attempted to have these hearsay statements admitted pursuant to Mississippi Rules of Evidence 803(24) and 804(b)(5). The court overruled this admissibility and did not allow those statements to come into evidence. Richardson is appealing the trial court’s ruling.
¶ 12. It is important to point out that Mississippi Rules of Evidence 803(24) and 804(b)(5) are identical except 804 is only applicable when the declarant is unavailable which is the case at hand. There are five requirements for admission: trustworthiness, materiality, probative value, interests of justice and notice. Parker v. State, 606 So.2d 1132 (Miss.1992). When looking at the trustworthiness of the statement, the court should look to see if the statement is oral or in writing and the parties’ relationship. Id. Need is also a factor; however, need should still be balanced against trustworthiness. Id. In the present case, the treatment that DeRouen provided to Richardson is located in the medical records which were introduced into evidence. Also, since this is the party to whom the deceased made the statement, there is a lack of trustworthiness. These statements would not fall under the hearsay exceptions of 803(24) and 804(b)(5).
¶ 13. Richardson also argued that these statements should have been admitted under 803(1) as a present sense impression. Mississippi Rules of Evidence 803(1) states that a present sense impression is a statement describing or explaining an event or condition made while the declarant was perceiving the event or condition or immediately thereafter. In the present situation, Richardson wished to testify as to what Mark Richardson told her that the doctor said to him. This conversation did not happen on the same day Mark visited DeRouen. Therefore, this statement would not fall under Mississippi Rules of Evidence 803(1), because the statement was not made while Mark Richardson was perceiving the event or immediately thereafter. In Interest of C.B., 574 So.2d 1369, 1372 (Miss.1990).
¶ 14. Richardson also alleges that the trial court erred in not allowing these same statements made to Mark Richardson’s mother and girlfriend into evidence during cross-examination of Dr. Earl Fyke. Dr. Fyke on direct examination testified to the basis of his opinions and the data he relied upon. He stated that he had read the depositions of Judith Richardson and Kim Russell. Experts may rely on inadmissible hearsay in reaching their opinions; however, the hearsay evidence does not become admissible simply because the expert relied upon it. Flowers v. State, 842 So.2d 531, 551(¶ 86) (Miss.2003). It is error to admit hearsay evidence unless the statements were used to explain the expert’s opinion. Id. The statements, made to Kim Russell and Judith Richardson by Mark Richardson were not used to explain the expert’s opinion, because the statements made by Mark simply were explaining the treatment he received from DeRouen which could easily be found already admitted into evidence in the medical records. Therefore, both these issues are meritless.
*1050 IV. WHETHER OR NOT THE COURT ERRED IN ITS FAILURE TO GRANT RICHARDSON’S RULE 60 MOTION FOR RELIEF FROM FINAL JUDGMENT AND THE COURT’S CORRESPONDING PRIOR REFUSAL TO SUBMIT THE SPEC-KIN FORENSIC LABORATORY DATA ON THE VIDEO SPECTRAL COMPARATOR 2000 TO SHIVER FOR REVIEW.
¶ 15. Richardson asserts that Speckin Forensic Laboratory’s data concerning Mark Richardson’s medical records qualifies as new evidence; therefore, Richardson’s Mississippi Rules of Civil Procedure 60 motion should have been granted by the trial court. DeRouen claims that Richardson could have uncovered this evidence before trial, and the trial court was correct in not allowing this evidence to form a basis for a new trial.
STANDARD OF REVIEW
¶ 16. The decision to grant relief under M.R.C.P 60(b) is a matter left to the sound discretion of the trial court, and our review is limited strictly to determining if there was an abuse of discretion. Accredited, Sur. and Cas. Co., Inc. v. Bolles, 535 So.2d 56, 58 (Miss.1988); Stringfellow v. Stringfellow, 451 So.2d 219, 221 (Miss.1984).
DISCUSSION
¶ 17. After Richardson lost at trial, she sent the medical records to be examined for alterations. Richardson had access to send these records before the trial; therefore, this is not newly discovered evidence. In order for a party to be granted a new trial on the ground of newly discovered evidence, the party must prove to the court that the evidence has come to his knowledge since the trial and that no amount of diligence on his part would have discovered said evidence sooner. Sullivan v. Heal, 571 So.2d 278, 281 (Miss.1990). The party must also prove that the new evidence would produce a different result if a new trial were granted. Id. The medical records did not come to Richardson’s knowledge after the trial. She knew of them prior to trial; therefore, they cannot be newly discovered evidence and do not warrant a new trial. Also, the trial judge ordered both sides to agree on an forensic expert to view the medical records for alterations. Ferrell Shiver was appointed as the forensic expert by the court, and he found no tampering. Therefore, according to the court appointed expert, there is not any newly discovered evidence, so this issue is without merit.
¶ 18. THE JUDGMENT OF THE PIKE COUNTY CIRCUIT COURT IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
KING, C.J., LEE, P.J., CHANDLER, GRIFFIS, BARNES AND ISHEE, JJ„ CONCUR. IRVING, J., CONCURS IN RESULT ONLY. SOUTHWICK AND ROBERTS, JJ., NOT PARTICIPATING.