928 So.2d 244 (2006)
Willie PITTMAN, Appellant
v.
STATE of Mississippi, Appellee.
No. 2004-KA-02133-COA.
Court of Appeals of Mississippi.
May 2, 2006.
*246 Wesley Thomas Evans, attorney for appellant.
Office of the Attorney General by Deirdre McCrory, attorney for appellee.
Before MYERS, P.J., SOUTHWICK and BARNES, JJ.
MYERS, P.J., for the Court.
¶ 1. Willie Pittman was convicted of one count of murder and one count of manslaughter in the Circuit Court of Yazoo County on January 9, 2003. Pittman was sentenced to serve a term of life imprisonment and a term of ten years, which shall run consecutively. Aggrieved by the trial court's ruling, Pittman appeals raising the following four issues:
I. WHETHER THE COURT COMMITTED REVERSIBLE ERROR WHEN IT DENIED DEFENDANT'S MOTION FOR DNA TESTING.
*247 II. WHETHER THE COURT COMMITTED REVERSIBLE ERROR WHEN IT REFUSED TO GRANT A DIRECTED VERDICT.
III. WHETHER THE COURT COMMITTED REVERSIBLE ERROR WHEN IT REFUSED TO EXCLUDE HIGHLY PREJUDICIAL TESTIMONY ABOUT HAIR ON THE BOTTOM OF THE CAR BUMPER.
IV. WHETHER THE TRIAL COURT SHOULD HAVE GRANTED A MISTRIAL WHEN THE STATE MADE REFERENCE TO THE DEFENDANT AS A "DOPE DEALER" DURING CLOSING ARGUMENTS.
¶ 2. Finding no error, we affirm.

FACTS
¶ 3. Mary Ann Sheppard's body was found on September 3, 2001, in Yazoo County. Sheppard had been stabbed repeatedly and had been run over. Sheppard was pregnant at the time of the murder. Investigators executed a warrant and seized the car Willie Pittman was driving, and observed that the car had been recently washed, and blood appeared to be under the car. Pittman was indicted on one count of murder and one count of manslaughter. This case went to trial in Yazoo County on January 7, 2003. Grover Wilson testified at trial that on September 2, 2001, the night prior to the incident, around 6:00 p.m. Sheppard came to his home in Yazoo City. He went further to state that Pittman arrived at his home later that night, and eventually around 5:00 a.m. on September 3, 2001, he saw Sheppard leave with Pittman in a gray-looking car. Another witness testified to having seen Sheppard with Pittman in the same car around 6:00 a.m. at the Jr. Food Mart. Pittman's cousin Katrina Rogers testified that Pittman left his house around 11:45 p.m. on September 2, 2001, and did not return until about 6:30 a.m. the next day. Rogers also told the jury that when Pittman arrived home that morning he took a bath, changed his clothes and placed the clothes he had been wearing in the washing machine.
¶ 4. Dr. Steven Timothy Hayne performed the autopsies on both Sheppard and the fetus. Dr. Hayne was accepted by the trial court as an expert in the field of forensic pathology. He testified that Sheppard died of puncture wounds to the neck consistent with being inflicted by a knife. She had a total of ten stab wounds and seventeen slash wounds. Dr. Hayne also determined that Sheppard's body had many fractures and abrasions consistent with having been run over by an automobile. Dr. Hayne explained that Sheppard was pregnant with a viable fetus weighing approximately six pounds, and the fetus's death was a result of the death of the mother. The State also admitted evidence that DNA analysis established that the blood taken from the undercarriage of Pittman's car matched Sheppard's. At the conclusion of the trial, the jury returned a verdict of guilty.

LEGAL ANALYSIS

I. WHETHER THE COURT COMMITTED REVERSIBLE ERROR WHEN IT DENIED DEFENDANT'S MOTION FOR DNA TESTING.
¶ 5. Pittman asserts that the trial court committed reversible error when it did not conduct DNA testing of fingernail scrapings from Sheppard. However, no motion was brought before the trial court to allow this opportunity. On October 31, 2002, Pittman filed a motion for lab testing and DNA analysis, but Pittman did not bring this motion before the court. In Mississippi the movant has the burden to *248 pursue a motion to hearing once it is filed in accordance with Rule 2.04 of Circuit and County Court Practice. Roy v. State, 878 So.2d 84, 89(¶ 23) (Miss.Ct.App.2003). The trial judge is not charged with the duty to know of every paper filed with the clerk. Dyer v. State, 300 So.2d 788, 789 (Miss. 1974). The movant is not to allow the motion to remain dormant. Burcham v. Burcham's Estate, 303 So.2d 476, 480 (Miss.1974).
¶ 6. However, even if Pittman's argument was not procedurally barred, this would not result in reversible error. The State is not required to pay for DNA testing unless there is a showing that it would significantly aid the defense. Richardson v. State, 767 So.2d 195, 198(¶ 12) (Miss.2000). Pittman provided no evidence that the fingernail scrapings would have provided any exculpatory value. Pittman questioned Amy Winters, a DNA analyst from the Mississippi Crime Lab, on cross-examination regarding the fingernail scrapings. Winters explained that fingernail scrapings are typically unreliable, especially when compared to blood swabs. The State's duty is to preserve the evidence that is expected to play a significant role in the suspect's defense. Clay v. State, 829 So.2d 676, 684(¶ 20) (Miss.Ct. App.2002). The standard for constitutional materiality is not satisfied by mere possibilities that the evidence will help the defense. Jackson v. State, 766 So.2d 795, 801(¶ 10) (Miss.Ct.App.2000). Therefore, Pittman's issue regarding the fingernail scraping is without merit.

II. WHETHER THE COURT COMMITTED REVERSIBLE ERROR WHEN IT REFUSED TO GRANT A DIRECTED VERDICT.
¶ 7. Pittman argues that the State did not prove he murdered Sheppard, and that a reasonable person could not have found him guilty. The standard of review for deciding whether or not a jury verdict is against the overwhelming weight of the evidence is that this Court must accept the evidence which supports the verdict as true and will reverse only if convinced that the circuit court abused its discretion in not granting a new trial. Price v. State, 898 So.2d 641, 652(¶ 26) (Miss.2005). A new trial will not be ordered unless we are convinced that the verdict is so contrary to the overwhelming weight of the evidence that to allow the verdict to stand would be to sanction an unconscionable injustice. Pearson v. State, 428 So.2d 1361, 1364 (Miss.1983).
¶ 8. This high standard is necessary because any factual disputes are properly resolved by the jury not by an appeals court. Gathright v. State, 380 So.2d 1276, 1278 (Miss.1980). Mississippi has a long standing policy of trusting the jury's verdict. Waterman v. State, 822 So.2d 1030, 1033(¶ 11) (Miss.Ct.App.2002). Jurors decide the credibility of the evidence and the witness's testimony; the court has no say with regard to this matter. Id. The testimony of one uncorroborated witness is sufficient to sustain a guilty verdict even if all other witnesses's testimony is to the contrary. Williams v. State, 512 So.2d 666, 670 (Miss.1987). Therefore, once the jury has returned a guilty verdict, as in the present case, this Court is not at liberty to direct that the defendant be discharged, unless we conclude, after taking the evidence in the light most favorable to the verdict, that no reasonable juror could have found beyond a reasonable doubt that the defendant was guilty of this crime. Pearson v. State, 428 So.2d 1361, 1364 (Miss.1983). Pittman claims that there was no direct evidence linking him to Sheppard; however, two witnesses testified as to seeing them together *249 on the day prior to the murder and Sheppard's blood was found on Pittman's car bumper. "[D]irect evidence is unnecessary to support a conviction so long as sufficient circumstantial evidence exists to establish guilt beyond a reasonable doubt." Underwood v. State, 708 So.2d 18, 35(¶ 49) (Miss.1998); Fleming v. State, 604 So.2d 280, 288-89 (Miss.1992). We therefore hold that the jury's verdict was consistent with the evidence presented by the State in this action.

III. WHETHER THE COURT COMMITTED REVERSIBLE ERROR WHEN IT REFUSED TO EXCLUDE HIGHLY PREJUDICIAL TESTIMONY ABOUT HAIR ON THE BOTTOM OF THE CAR BUMPER.
¶ 9. Pittman argues that the trial court erred in allowing the hair found on the bumper of his car to be admitted into evidence. Pittman states that the origin of the hair had not been established and that this is purely speculative evidence and should not have been admitted. Although the hair was not tested for DNA, the blood found with the hair on the bumper of Pittman's car was tested and found to be Sheppard's blood. The State produced no testimony that the hairs belonged to Sheppard only that the hair and blood were both found on the bumper. The trial court made a ruling to limit the testimony regarding the hair to where it was found. The trial court ordered the State to make no indication that the hair belonged to Sheppard; this was left for the jury to determine. Pittman produced no evidence to this Court that the State did not follow that ruling.
¶ 10. The trial court has great latitude in deciding the admission or exclusion of evidence as to the relevancy. Winding v. State, 908 So.2d 163, 170(¶ 27) (Miss.Ct.App.2005). This Court will not reverse an erroneous exclusion or admission of evidence unless the error adversely affects a substantial right of the accused. Kidd v. State, 793 So.2d 675, 681(¶ 27) (Miss.Ct.App.2001). Although Pittman claims the hair was prejudicial to his case, he provides no support for this. Therefore, this issue is without merit.

IV. WHETHER THE TRIAL COURT SHOULD HAVE GRANTED A MISTRIAL WHEN THE STATE MADE REFERENCE TO THE DEFENDANT AS A "DOPE DEALER" DURING CLOSING ARGUMENTS.
¶ 11. Pittman argues that, since the State referred to him as a "dope dealer" in its closing argument, a mistrial should have been declared. Pittman goes further to state that this reference created unjust prejudice against him. However, the trial court admonished the jury to disregard the statement made by the State. The only reason this Court will reverse on the failure to grant a mistrial is if there was abuse of discretion. Bass v. State, 597 So.2d 182, 191 (Miss.1992). Trial judges are better situated to decide whether or not a trial should be discontinued. Schwarzauer v. State, 339 So.2d 980, 982 (Miss.1976). The trial judge should declare a mistrial when a procedural error results in substantial and irreparable prejudice to the accused. Gardner v. State, 792 So.2d 1000, 1003(¶ 5) (Miss.Ct.App. 2001).
¶ 12. When serious damage does not result, the judge should admonish the jury to disregard the impropriety. Hoops v. State, 681 So.2d 521, 528 (Miss. 1996). It is presumed that the jury followed the instruction of the trial judge to disregard the remark. Dennis v. State, 555 So.2d 679, 682-83 (Miss.1989). After *250 the State's comment calling Pittman a "dope dealer" the judge instructed the jury to disregard that statement. "It is well settled that when the trial judge sustains an objection to testimony and he directs the jury to disregard it, prejudicial error does not result." Estes v. State, 533 So.2d 437, 439 (Miss.1988). Therefore, Pittman's issue is without merit.
¶ 13. THE JUDGMENT OF THE CIRCUIT COURT OF YAZOO COUNTY OF CONVICTION OF ONE COUNT OF MURDER AND SENTENCE OF LIFE IMPRISONMENT; ONE COUNT OF MANSLAUGHTER AND SENTENCE OF TEN YEARS TO RUN CONSECUTIVELY, ALL IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO YAZOO COUNTY.
KING, C.J., LEE, P.J., SOUTHWICK, IRVING, CHANDLER, GRIFFIS, BARNES, ISHEE AND ROBERTS, JJ., CONCUR.