971 So.2d 618 (2007)
Richard Harrison MASON, Appellant
v.
STATE of Mississippi, Appellee.
No. 2006-KA-00052-COA.
Court of Appeals of Mississippi.
May 15, 2007.
Rehearing Denied September 11, 2007.
Certiorari Denied December 13, 2007.
John Carl Helmert, attorney for appellant.
Office of the Attorney General by Jacob Ray, attorney for appellee.
Before LEE, P.J., BARNES and ISHEE, JJ.
ISHEE, J., for the Court.
¶ 1. On February 7, 2005, Richard Harrison Mason was indicted by a Lee County grand jury for two counts of sexual battery of his stepson, J.B.[1] J.B. was eleven years old at the time the incidents occurred. The first count charged Mason with sexual penetration of J.B.'s rectum with his finger and the second count charged him with sexual penetration of J.B.'s rectum with his penis. Trial was held in the Lee County Circuit Court on November 21-22, 2005. The jury returned a verdict of guilty for *619 Count II but was unable to reach a verdict as to Count I. On November 3, 2005, Mason was sentenced to serve thirty years in the custody of the Mississippi Department of Corrections. Aggrieved by the judgment, Mason appeals. Finding no error, we affirm.

FACTS
¶ 2. This case arose from complaints made by J.B. that suggested his stepfather, Richard Mason, was sticking his finger and penis into J.B.'s rectum. Mason was indicted for two counts of sexual battery, Count I for inserting his finger into J.B.'s rectum and Count II for inserting his penis into J.B.'s rectum. The indictment stated the acts occurred between September 1, 2004, and November 30, 2004.
¶ 3. When he was arrested, Mason signed a waiver of his rights during questioning by the Lee County Sheriff's Department. He made a handwritten confession to the sexual battery charges that was witnessed by investigator Donna Franks. The State presented Franks at trial, and she testified that she advised Mason of his rights and witnessed him write the confession.
¶ 4. At trial, the State also presented Patricia Harris, J.B.'s special education teacher, and Craig Shannon, the principal of J.B.'s school, who both testified that J.B. informed them that Mason "put his wiener in his butt." The State also presented a therapist, Melissa Ratliff, who conducted the forensic interview of J.B. According to her, J.B. gave very detailed information, and she recommended that J.B. receive a medical examination and that Department of Human Services (DHS) continue its investigation of the case.
¶ 5. Dr. William Marcy testified that J.B.'s rectum appeared to be irritated and swollen. He further stated that the folds in the anus were "markedly distorted," and there was fissuring and deep scarring around J.B.'s anus. According to Dr. Marcy, the age of the scarring could not be determined, but it could have occurred years earlier. He testified that the fissuring, however, would have to have occurred more recently in time, likely within the past six months. His conclusion was that J.B.'s case was one of the few instances, out of the approximately 1,500 exams he had conducted, that he could conclusively label as sexual abuse.
¶ 6. To rebut the State's expert, who testified that J.B. was the victim of sexual abuse, Mason attempted to present the testimony of C.G. Outside the presence of the jury, C.G., who is the eight-year-old nephew of Mason, testified that he witnessed J.B. stick various objects into his rectum, including J.B.'s fingers, twigs, and a water sprinkler. According to C.G., the events from his testimony took place in either 2001 or 2003 while J.B. was staying with C.G.'s family in West Virginia. When cross-examined, however, J.B. denied that he had inserted any objects into his rectum.
¶ 7. The trial judge looked to Rules 608, 611, and 403 of the Mississippi Rules of Evidence and decided not to admit C.G.'s testimony. The judge ruled that C.G.'s testimony was extrinsic evidence concerning alleged specific acts of J.B. Since J.B. had denied the events presented in C.G.'s testimony, the judge reasoned that Rule 608(b) served to prevent Mason from putting on extrinsic evidence to rebut J.B.'s testimony.
¶ 8. Furthermore, the judge ruled that C.G.'s testimony was inadmissible under Rule 403. While she mentioned that she almost wished the evidence could come in, she found it inadmissible since it would not *620 rebut the charge in the indictment. She reasoned that C.G.'s testimony concerning acts that occurred in either 2001 or 2003 was irrelevant to the present case since the indictment alleged Mason committed the offenses from September 1, 2004 to November 30, 2004. Based upon this, the judge found the testimony of C.G. had no relevance and was highly prejudicial to the victim. She ruled that the testimony would serve to mislead and confuse the jury, tending to distract from the acts for which Mason was on trial.
¶ 9. Mason also took the stand and denied the allegations. He testified that Officer Franks threatened him in order to get him to make the written confession. Furthermore, he denied ever having inserted his penis or his finger into J.B.'s rectum.
¶ 10. The jury found Mason guilty of Count II, inserting his penis into J.B.'s rectum, but was unable to reach a verdict on Count I. Mason was sentenced to thirty years in the custody of the Mississippi Department of Corrections. Aggrieved by the judgment, Mason appeals. He asks this Court to consider whether the trial court erred by excluding the testimony of C.G.

STANDARD OF REVIEW
¶ 11. The standard of review regarding the admission or exclusion of evidence is abuse of discretion. Yoste v. Wal-Mart Stores, Inc., 822 So.2d 935, 936(¶ 7) (Miss.2002). "[A]bsent an abuse of that discretion, the trial court's decision will not be disturbed on appeal." McCoy v. State, 820 So.2d 25, 31(¶ 15) (Miss.Ct. App.2002).

ISSUE AND ANALYSIS
I. Whether the trial court erred by excluding the testimony of C.G.
¶ 12. Mason argues that the testimony of C.G. should have been admitted into evidence. His argument is that the testimony was relevant and that it would have shown that the injuries sustained by J.B. were self-inflicted. He puts forth a number of arguments to support this issue: (1) the testimony was relevant, (2) the testimony was not substantially more prejudicial than probative, (3) the testimony was admissible for impeachment, (4) the testimony was not evidence of sexual conduct, and (5) the exclusion of the testimony was not harmless error.
¶ 13. After reviewing the record, it is clear that the trial court did not abuse its discretion. The court ruled that the testimony offered was irrelevant, and collateral to the main issue of whether or not Mason committed the crime. The court further stated that the testimony was highly prejudicial and would likely mislead and confuse the jury. We do not find this was in error; therefore, this Court is not in a position to disturb that ruling.
¶ 14. Mississippi Rules of Evidence Rule 401 defines relevant evidence as "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Rule 402 goes on to state in part that all relevant evidence is admissible unless excepted. Nevertheless, a court may exclude potentially relevant evidence under Rule 403 "if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury."
¶ 15. A trial court is given a certain amount of discretion in its decision of whether to admit or exclude evidence under Rule 403. Jones v. State, 920 So.2d 465, 467(¶ 32) (Miss.2006) (citing Jenkins v. State, 507 So.2d 89, 93 (Miss.1987)). *621 "[T]he weighing and balancing task required by Rule 403 is not one susceptible of mechanical performance as it asks only that a judge rely on his/her own sound judgment." Id. Because of the discretion granted to a trial court, an appellate court will not conduct a new Rule 403 balancing test. Jackson v. State, 784 So.2d 180, 183(¶ 9) (Miss.2001) (citing Foster v. State, 508 So.2d 1111, 1117-18 (Miss.1987)). The appellate court need only determine if the trial court abused its discretion in weighing the factors and admitting or excluding the evidence. Id.
¶ 16. In applying Rule 403 to the present case, the trial judge found that the events testified to by C.G. were not relevant to the allegations contained in the indictment. Specifically, the indictment alleged that Mason committed the acts from September through November 2004, while C.G. stated that he saw J.B. insert objects into his rectum in either 2003 or 2001. C.G.'s testimony referred to events that allegedly occurred at least a year prior to the acts referred to in the indictment. The judge, accordingly, decided that these events were too remote to have any relevance to the charges, which were for a specific time period. She also found that, because of this lack of relevance, the jury would be misled and confused as to the allegations for which Mason was on trial. When considering the above, it is evident that the judge properly conducted a Rule 403 analysis to determine the prejudicial effect and probative value of C.G.'s testimony. It was within her discretion to exclude C.G.'s testimony because of its irrelevance, and we do not find that it was an abuse of discretion to do so.
¶ 17. Relevance also plays a part in Mason's argument concerning whether the testimony was admissible for impeachment. While Mason titles his next argument, "This eyewitness testimony was admissible to impeach the alleged victim," he specifically states that C.G.'s testimony "was not elicited to impeach [J.B.]." The point of the argument instead seems to be that the testimony concerning the source of J.B.'s injuries was a central issue of the case and not a collateral matter elicited to impeach J.B.
¶ 18. Mason is misguided on this point also because of the relevancy issue discussed above. It is correct that a central issue of fact is not a collateral issue. Lewis v. State, 580 So.2d 1279, 1288 (Miss. 1991). However, a collateral matter is one that is not directly relevant to the case at hand. Carlisle v. State, 348 So.2d 765, 766 (Miss.1977) (citing Williams v. State, 73 Miss. 820, 824, 19 So. 826, 827 (1896)). As stated above, the judge found that the testimony was irrelevant because of the remoteness of the events about which C.G. would testify. As those events were at least one year removed from the events alleged in the indictment, they were not relevant to the case at hand and are, therefore, collateral.
¶ 19. Mason next argues that Rule 412 of the Mississippi Rules of Evidence does not apply. Rule 412 provides that, in sex offense cases, evidence of the victim's past sexual behavior is generally inadmissible. Rule 412 is only brought up once in the arguments concerning the admissibility of C.G.'s testimony, and the testimony itself does not allege that these acts were sexual in any way. Furthermore, the trial court did not make any findings concerning Rule 412. However, the reasoning of the supreme court in cases that dealt with evidence of an alternate explanation under Rule 412 is helpful to the present case. The court found evidence of the sexual activity of a victim of sexual abuse was admissible under Rule 412 when it suggested an alternate source of injury close in time to the alleged sexual abuse. Herrington *622 v. State, 690 So.2d 1132, 1136-37 (Miss.1997). Rule 412 was also inapplicable to exclude evidence that the victim had sex with someone else on the night the injuries allegedly occurred. Amacker v. State, 676 So.2d 909, 913 (Miss.1996). Similarly, the court found evidence that the victim might have had sex just a couple days before the date of the alleged incident was relevant and admissible to refute the allegation that the defendant was the source of semen. Heflin v. State, 643 So.2d 512, 516 (Miss.1994). However, in Hughes v. State, 735 So.2d 238, 273 (¶ 156) (Miss.1999), the supreme court affirmed the trial court's exclusion of an alternate source of semen on the victim when the most relevant evidence the defense could offer was testimony about the victim's sexual activity two weeks before the crime. Id. It found the trial court did not abuse its discretion in ruling that evidence so remote in time to the crime was irrelevant. Id. at 274 (¶ 158).
¶ 20. While this case involved testimony of a child allegedly inserting objects into his rectum, and not clear sexual activity as in the cited cases, the relevancy analysis in the cases dealing with Rule 412 serves to reinforce our findings. As seen in Hughes, evidence of an alternate explanation may be excluded when it is too remote to be of any relevance to the allegations at trial. While the trial judge did not apply Rule 412 to the present case, she did find that the evidence was irrelevant due to the amount of time between the events in the testimony and those in the indictment.
¶ 21. Mason's final argument, that the exclusion of C.G.'s testimony was not harmless error, is moot because we find that it was not error at all to exclude it. Additionally, the State presented a handwritten confession that was made by Mason, in which he admitted to sticking both his finger and his penis in J.B.'s rectum.
¶ 22. In conclusion, we find that the judge properly excluded the testimony of C.G. because it was irrelevant and was highly prejudicial. It was a collateral issue that allegedly occurred over a year prior to the events alleged in the indictment; therefore, it did not serve to rebut the charges contained therein. This issue is without merit.
¶ 23. THE JUDGMENT OF THE LEE COUNTY CIRCUIT COURT OF CONVICTION OF COUNT TWO, SEXUAL BATTERY, AND SENTENCE OF THIRTY YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
KING, C.J., LEE AND MYERS, P.JJ., IRVING, CHANDLER, GRIFFIS, BARNES, ROBERTS AND CARLTON, JJ., CONCUR.
NOTES
[1] Initials will be used to protect the minor's identity.